Ludeling, C. J.
Charles P. Poree died, leaving five children. Helena Poree is a minor. The property remained in their possession without opening the succession of the father. Subsequently, Ernest, one of the children, died, and Morand, a creditor, caused himself to be appointed administrator of said succession, and sued the other heirs for a partition of a tract of land owned by the heirs. He caused a tutor ad hoc to be appointed to represent Aline Poree. The person appointed never qualified as tutor ad hoe.
Citation addressed to Aline Poree was served on the person appointed to represent her; he filed an answer stating that the minor’s name was Helena Poree, and reserving the rights of the minor to have the terms of sale fixed by a family meeting. A judgment by default was confirmed against the heirs of age, and the property was ordered to be sold for cash, and it was sold. In the meantime, one of the brothers was appointed tutor to his sister, and all the heirs united in taking an appeal from the judgment in the suit for partition, and also in a rule taken against the vendee and administrator aforesaid to show cause why the sale aforesaid should not be set aside, the price whereof is still in the sheriff’s hands, and from the judgment dismissing this rule they also appealed.
*464 It is necessary to notice only the following objection urged against the judgment of partition and sale — that all the parties in interest were not parties to the suit of partition. Selena Poree, a minor, was never cited. The judgment was an absolute nullity, and the sale made under it is also null and void.
It is therefore ordered that the judgment in the partition suit be set aside and the sale made under it be declared void, and that the case be remanded to be proceeded with according to law. Costs of appeal to be paid by the appellee and the costs of the lower court to be paid by N. St. Morand, administrator.